IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Kenneth E. Logan, Jr., | ) | C/A No.: 2:09-1828-JFA-RSC |
| | ) | |
| Petitioner, | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Warden Darlene Drew, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

The *pro se*[1] petitioner, Kenneth E. Logan, Jr., is a federal prisoner serving a 262-month sentence for a drug conspiracy conviction imposed by the United States District Court for the Eastern District of Virginia. He brings this action seeking to have his conviction in a prison administrative disciplinary action expunged and his loss of 27 days of good conduct time restored. He was incarcerated at the Federal Correctional Institution (FCI) in Bennettsville, South Carolina at the time the actions giving rise to this suit occurred.

The Magistrate Judge assigned to this action[2] has prepared a Report and

---

[1] This court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978). This court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

[2] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

1

Recommendation wherein he suggests that respondent's motion for summary judgment should be granted.[3] The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

In his Report, the Magistrate Judge properly notes that the petitioner's claims of due process violations during federal prison disciplinary proceedings are controlled by *Wolff v. McDonnell*, 418 U.S. 539 (1974). The *Wolff* court set out five procedural safeguards required in a prison disciplinary proceeding. The Magistrate Judge has carefully reviewed the record before him and concludes that petitioner's due process rights were not violated and that the petitioner was afforded all the process he was due under *Wolff* in his disciplinary hearing.

Further, the Magistrate suggests that this court must only inquire into "whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Superintendent Mass. Corr'l Inst. v. Hill*, 472 U.S. 445, 455 (1985). This court agrees with the Magistrate Judge's opinion that the evidence is sufficient to uphold the disciplinary officer's finding that the petitioner violated the disciplinary code at the Federal Correctional Institution in Bennettsville, SC.

In his objection to the Report and Recommendation, the petitioner merely reiterates the claims he made in his § 2241 petition. As such, they are overruled.

After a careful review of the record, the applicable law, the Report and Recommendation, and the objections thereto, the court finds the Magistrate Judge's

---

[3] An order was issued pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) notifying petitioner of the summary dismissal procedure and possible consequences if he failed to adequately respond to the motion for summary judgment. Petitioner responded to the motion.

recommendation to be proper. Accordingly, the Report and Recommendation is incorporated herein by reference and the respondent's motion for summary judgment is hereby granted.

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*

Joseph F. Anderson, Jr.
United States District Judge

May 11, 2010
Columbia, South Carolina